**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| CARLEEN WASTAFERRO ) | |
|     Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 1:13-cv-10712 |
| ) | |
| PERFORMANT RECOVERY, INC. ) | |
| JOHN DOES, JANE DOES ) | |
|     Defendant, ) | |

**COMPLAINT AND DEMAND FOR JURY TRIAL**

### I.  INTRODUCTION

1. This is an action for actual and statutory damages brought by plaintiff Carleen Wastaferro, an individual consumer, against Defendants for violations of the law, including, but not limited to, violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. (hereinafter "FDCPA"), and also out of the invasions of Plaintiff's personal privacy by these Defendants and their agents in their illegal efforts to collect an alleged consumer debt from Plaintiff.

## II.     JURISDICTION

2.  Jurisdiction of this court arises under  47 U.S.C. § 227 et seq., and 28 U.S.C. § 1331 and 1337.  It also arises under 15 U.S.C. § 1692k(d), which states that such actions may be brought and heard before, "[A]ny appropriate United States district court without regard to the amount in controversy."

3.  Venue in this District is proper pursuant to 28 U.S.C. § 1391(b)(2) in that a substantial part of the events or omissions giving rise to the claim occurred here.  Since Defendants transacts business here, personal jurisdiction is established.

## III.     PARTIES

4.  Plaintiff, Carleen Wastaferro is a consumer, a natural person allegedly obligated to pay any debt, residing in Suffolk County, in the state of Massachusetts.

5.  Defendant, Performant Recovery, Inc. is a collection agency and foreign corporation engaged in the business of collecting debt in this state with its principal place of business located in Alameda County, in the state of California.  The principal purpose of Defendants is the collection of debts in this state and Defendants are engaged in the collection of debts from consumers using the mail and telephone, and regularly attempts to collect debts alleged to be due another.

6. Defendant John Does 1-10 (hereinafter "Defendant John Does") are natural person(s) who were employed by Defendants as collection agents, whose identities are currently unknown to Plaintiff. Defendant John Does are "debt collectors" as that term is defined by the FDCPA, 15 U.S.C. § 1692a(6). One or more of the Collectors may be joined as parties once their identities are disclosed through discovery.

7. Defendant Jane Does 1-10 (hereinafter "Defendant Jane Does") are natural person(s) who was employed by Defendants as collection agents, whose identities are currently unknown to Plaintiff. Defendant Jane Does are "debt collectors" as that term is defined by the FDCPA, 15 U.S.C. § 1692a(6). One or more of the Collectors may be joined as parties once their identities are disclosed through discovery.

8. Plaintiff is informed and believes, and thereon alleged, that Defendants use instrumentalities of interstate commerce or the mails in any business, the principal purpose of which being the collection of debts. Defendants are engaged in the collection of debts from consumers using the mail, electronic mail, facsimile, and telephone, and regularly collects or attempts to collect, directly or indirectly, debts owed or due or alleged to be owed or due another, being a ''debt collector'' as defined by the FDCPA, 15 U.S.C. § 1692a(6).

9. At all relevant times, Defendants acted through their duly authorized agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

## IV. FACTUAL ALLEGATIONS

10. Sometime before March 28, 2013, Plaintiff, Carleen Wastaferro, allegedly incurred a financial obligation that was primarily for personal, family, or household purposes and is therefore a 'debt', as that term is defined by the FDCPA, 15 U.S.C. § 1692a(5).

11. Upon information and belief, at some point the alleged debt, a student loan debt, was consigned, placed or otherwise transferred to Defendants for collection from Carleen.

12. The debt that Defendants are attempting to collect on is an alleged obligation of a consumer to pay money arising out of a transaction in which the money, property, insurance or services which are the subject of the transaction are primarily for personal, family, or household purposes, whether or not such obligation has been reduced to judgment, as, again, defined by the FDCPA, 15 U.S.C. § 1692a(5).

13. Upon information and belief, within one year prior to the filing of this complaint, Defendants began contacting Plaintiff and placing collection calls to Plaintiff prior to March 28, 2013; seeking and demanding payment for an alleged consumer debt.

14. Upon information and belief, within one year prior to the filing of this complaint, Defendants placed harassing collection calls to Plaintiff, that they knew would annoy and/or harass Plaintiff, as she had already told them to stop calling for her, at all, on January 25, 2013.  Plaintiff told Defendants if there was something really important that

they wished to speak with her about, they could use mail correspondence, but that she did not wish to receive any more phone calls from Defendants.

15. Upon information and belief, within one year prior to the filing of this complaint, Defendants continued to call Plaintiff on her cell phone, without her consent, and without the calls being for emergency purposes.  Defendants have called for her from numbers with local area codes that transmitted 'Malden' and 'Cambridge' on Plaintiff's cell phone, and on Plaintiff's workplace's phone respectively, when upon information and belief, Defendants were not calling from those locations or local area codes.  Defendants were involved in spoofing, which is a misleading representation and/or means under the FDCPA, used in order to get Plaintiff to answer her phone.  The information that Defendants intended to be transmitted and represented to Plaintiff via her Caller ID never displayed the true name of Defendants, with the intent to mislead and trick Plaintiff into picking up the phone, so that Defendants could attempt to collect on the alleged debt, and with knowledge this could and/or would annoy and/or harass Plaintiff.

## *SUMMARY*

16. All of the above-described collection communications made to Plaintiff Carleen Wastaferro by each individual Defendant and other collection employees employed by Defendant Performant Recovery, Inc. were made in violation of multiple provisions of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et al. (hereinafter "FDCPA"), including but not limited to all of the provisions of the FDCPA cited herein.

17. The above-detailed conduct by these Defendants of harassing Carleen in an effort to collect this debt was a violation of multiple provisions of the FDCPA, including but not limited to all of the above mentioned provisions of the FDCPA, as well as an invasion of Carleen's privacy.

18. As a result of the acts alleged above, Defendants caused Carleen to become very upset because of the aggressive manner in which this debt was collected by these Defendants.

19. Carleen suffered actual damages as a result of these illegal collection communications by these Defendants in the form of anger, anxiety, emotional distress, frustration, upset, embarrassment, and humiliation, amongst other negative emotions, as well as suffering from unjustified and abusive invasions of personal privacy.

20. Defendants' continued unlawful attempt(s) to collect this alleged debt from Carleen, were invasions of Carleen's privacy and her right to be left alone.

21. Defendants' illegal abusive collection communications as more fully described above were the direct and proximate cause of emotional distress on the part of Carleen.

## *RESPONDEAT SUPERIOR LIABILITY*

22. The acts or omissions of these individual Defendants, and the other debt collectors employed as agents by Defendant Performant Recovery, Inc. who communicated with Plaintiff Carleen Wastaferro as more further described herein, were committed within the time and space limits of their agency relationship with their principal, Performant Recovery, Inc.

23. The acts and omissions by these individual Defendants and these other debt collectors were incidental to, or of the same general nature as, the responsibilities these agents were authorized to perform by Defendant Performant Recovery, Inc. in collecting consumer debts.

24. By committing these acts and omissions against Carleen, these individual Defendants and these other debt collectors were motivated to benefit their principal, Defendant Performant Recovery, Inc.

25. Defendant Performant Recovery, Inc. is therefore liable to Carleen through the Doctrine of Respondeat Superior for the intentional and negligent acts, errors, and omissions done in violation of state and federal law by its collection employees, including but not limited to violations of the FDCPA, in their attempts to collect this debt by communicating with Carleen.

## V. <u>CAUSES OF ACTION</u>

### COUNT I
### INVASION OF PRIVACY BY INTRUSION UPON SECLUSION

26. Plaintiff Carleen Wastaferro repeats, realleges, and incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

27. Congress explicitly recognized a consumer's inherent right to privacy in collection matters in passing the Fair Debt Collection Practices Act, when it stated as part of its findings:

> **<u>Abusive debt collection practices contribute</u>** <u>to the number of personal bankruptcies, to marital instability, to the loss of jobs, and</u> **<u>to invasions of individual privacy</u>**.

15 U.S.C. § 1692(a) (emphasis added).

28. Congress further recognized a consumer's right to privacy in financial data in passing the Gramm Leech Bliley Act, which regulates the privacy of consumer financial data for a broad range of "financial institutions" including companies that try to collect on debts owed to them, albeit without a private right of action, when it stated as part of its purposes:

> It is the policy of the Congress that <u>each financial institution has an affirmative and continuing obligation to respect the privacy of its customers</u> and to protect the security and confidentiality of those customers' nonpublic personal information.

15 U.S.C. § 6801(a) (emphasis added).

29.  Defendants and/or their agents intentionally and/or negligently interfered, physically or otherwise, with the solitude, seclusion and/or private concerns or affairs of Plaintiff, namely, by repeatedly and unlawfully attempting to collect a debt and thereby invaded Plaintiff's privacy.

30.  Defendants also intentionally and/or negligently interfered, physically or otherwise, with the solitude, seclusion and/or private concerns or affairs of the Plaintiff, namely, by unlawfully calling her on her cell phone as well as calling for her at her workplace, after she had already told them not to call for her anymore, and that if there was something important for which they needed to reach her, they could use mailed correspondence to communicate with her; without her consent, and without the calls not being for emergency purposes, and thereby invaded Plaintiff's right to privacy.

31.  Defendants and their agents intentionally and/or negligently caused emotional harm to Plaintiff by engaging in highly offensive conduct in the course of collecting this debt, thereby invading and intruding upon Plaintiff's right to privacy.

32. Plaintiff had a reasonable expectation of privacy in Plaintiff's solitude, seclusion, private concerns and affairs.

33. The conduct of these Defendants and their agents, in engaging in the above-described illegal collection conduct against Plaintiff, resulted in multiple intrusions and invasions of privacy by these Defendants which occurred in a way that would be highly offensive to a reasonable person in that position.

34. Defendants' acts as described above were done intentionally with the purpose of coercing Plaintiff to pay the alleged debt.

35. As a result of such intrusions and invasions of privacy, Defendants are liable to Plaintiff for actual damages in an amount to be determined at trial from each and every Defendant.

## COUNT II
## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
## 15 U.S.C. § 1692 et seq.

36. Plaintiff repeats, realleges, and incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

37. The foregoing acts and omissions of each Defendant and their agents constitute multiple violations of the FDCPA including, but not limited to, each and every one of the

provisions of the FDCPA, 15 U.S.C. § 1692 et seq., cited above, and below, with respect to Plaintiff:

 (a) Defendants violated *§1692d* of the FDCPA by engaging in conduct the natural consequences of which is to harass, oppress, or abuse any person in connection with the collection of an alleged debt; and

 (b) Defendants violated *§1692d(6)* of the FDCPA by placing telephone calls without meaningful disclosure of the caller's identity[;] and

 (c) Defendant violated *§1692e* of the FDCPA by using false, deceptive, or misleading representation or means in connection with the collection of the alleged debt. Without limiting the general application of the foregoing[;] and

 (d) Defendant violated *§1692e(10)* of the FDCPA by using any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer[;] and

 (e) Defendants violated *§1692f* of the FDCPA by using unfair or unconscionable means in connection with the collection of an alleged debt.

38. As a result of the foregoing violations of the FDCPA, Defendants are liable to the Plaintiff Carleen Wastaferro for actual damages pursuant to 15 U.S.C. § 1692k(a)(1), statutory damages in an amount up to $1000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A), and reasonable costs and attorney fees pursuant to 15 U.S.C. § 1692k(a)(3), from each Defendant herein.

WHEREFORE, Plaintiff Carleen Wastaferro respectfully requests that judgment be entered against Defendants, for the following:

A. Actual damages from each Defendant pursuant to 15 U.S.C. § 1692k for the emotional distress suffered as a result of the intentional FDCPA violations, and from each Defendant for intentional and/or negligent invasions of privacy in an amount to be determined at trial and for Plaintiff; and

B. As to Plaintiff's invasion of privacy claim, an award of compensatory damages in Plaintiff's favor and against Defendants; and

C. As to Plaintiff's invasion of privacy claim, and FDCPA claim, an award of punitive damages in Plaintiff's favor and against Defendants; and

D. As to Plaintiff's invasion of privacy claim, an award of Plaintiff's reasonable attorney's fees and costs; and

E. Costs and reasonable attorney fees from each Defendant and for Plaintiff pursuant to 15 U.S.C. § 1692k(a)(3).

F. A permanent injunction, prohibiting Defendants from initiating any telephone calls to Plaintiff in violation of the regulations prescribed under the FDCPA; and

G. For such other and further relief as the Court may deem just and proper.

Dated:  March 28, 2012

RESPECTFULLY SUBMITTED,
By: /s/ Kevin Crick
Kevin Crick
BBO:  680950
Consumer Rights Law Firm, PLLC
300 Brickstone Square, Suite 902
Andover, Massachusetts 01810
Phone: (978) 212-3300
Fax: (978) 409-1846
kevinc@consumerlawfirmcenter.com
**Attorney for Plaintiff**

**DEMAND FOR JURY TRIAL**

Please take notice that plaintiff Carleen Wastaferro demands trial by jury in this action.